IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NOLAN LEE ALJADDOU, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES DISTRICT OF )<br>NEBRASKA, )<br>)<br>Respondent. ) | Case No. CIV-21-00578-JD |

### ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is a Report and Recommendation [Doc. No. 7] by United States Magistrate Judge Gary M. Purcell recommending that this action be dismissed without prejudice for Petitioner Nolan Lee Aljaddou's failure to pay the required filing fee or comply with Judge Purcell's Order to Petitioner to Cure Deficiency dated June 29, 2021 ("Order"). [*See* Doc. No. 5]. The Order directed Aljaddou to pay the $5.00 filing fee or request leave to proceed without prepayment of costs and to cure other listed deficiencies with his petition for writ of habeas corpus by July 19, 2021. [Doc. No. 5 at 1–2]. The Order advised Aljaddou that failure to comply with the Order by July 19, 2021 would result in a recommendation that the action be dismissed without prejudice. [*Id.* at 2].

The Report and Recommendation advised Aljaddou of his right to file an objection to the Report and Recommendation with the Clerk of Court by August 12, 2021, and that failure to timely object to the Report and Recommendation waives the right to appellate review of both factual and legal issues contained in the Report and Recommendation. [Doc. No. 7 at 4]. *See also* 28 U.S.C. § 636.

To date, Aljaddou has not filed an objection to the Report and Recommendation or requested an extension of time to do so. The Court notes that attempts to serve Aljaddou with the Order and the Report and Recommendation at his address of record failed. [*See* Doc. Nos. 6, 8]. However, Aljaddou is responsible for notifying the Court of any change of address, and "[p]apers sent by the court will be deemed delivered if sent to the last known address given to the court." LCvR5.4(a); *see Theede v. U.S. Dep't of Labor*, 172 F.3d 1262, 1267 (10th Cir. 1999) ("The parties are far better situated to know of any errors in their address information, thus, they bear the burden of filing notice of a change of address . . . . The fact [plaintiff] is acting pro se does not eliminate this burden.").

With no objection being filed, the Court ACCEPTS and ADOPTS the Report and Recommendation [Doc. No. 7] in its entirety and DISMISSES this action without prejudice.

IT IS SO ORDERED this 24th day of August 2021.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE